# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

CORETTA THOMAS                                                                    PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:14-CV-24-M

OMAR LEE *et al.*                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Coretta Thomas, proceeding *pro se*, filed a complaint alleging violations of the

Civil Rights Act of 1964 and various constitutional violations (DN 1).  She also filed a motion

for leave to file an amended complaint (DN 5).  The motion (DN 5) is **GRANTED**.  **The Clerk**

**of Court is DIRECTED** to docket the amended complaint (DN 5, Attach.)  as a separate

docket entry with the filing date of February 18, 2014.

This matter is before the Court for initial review of the complaint as amended pursuant to

28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow,

the Court will allow the Fourth Amendment claims against Defendants in their individual

capacities to proceed.

## I.  STATEMENT OF THE CASE

It appears that Plaintiff brings this action against five Defendants[1]:  Omar Lee, a police

officer with the Louisville Metro Police Department [LMPD]; Amber Staub Koeing, also a

police officer with the LMPD; and three other John Doe police officers employed by the LMPD.

---

[1]The Court reads Plaintiff's amended complaint to omit the Louisville Metro Police Department
as a Defendant in this case.  In her amended complaint, Plaintiff restated all of the names of the
Defendants she had named in her original complaint except the Louisville Metro Police Department.
Also, in her amended complaint she made clear that she was suing all Defendants in their individual
capacities.

Plaintiff states that she is suing Defendants in their individual capacities. As relief, Plaintiff seeks monetary damages as well as attorney fees and costs.

Plaintiff states that on October 28, 2013, she was a passenger in a vehicle when Defendant Lee stopped the vehicle for a minor traffic violation. According to Plaintiff, Defendant Koeing thereafter arrived on the scene. Plaintiff states that she gave these Defendants her name and home address, advised them that she was six months pregnant, and informed them that the driver of the vehicle was taking her to get something to eat. According to Plaintiff, Defendants Lee and Koeing advised her to "remain in the vehicle and keep her hand in plain view." Thereafter, Plaintiff continues, "Defendants Lee and Koeing came back to the passenger side of the car and continued to ask plaintiff questions while continuing to open and close the passenger side door of the car." According to Plaintiff, at some point either Defendant Lee or Defendant Koeing "slammed the car door on plaintiff's leg when [she] refused to answer any further questions of the defendants . . . ." Plaintiff states that when she began to "complain about the defendants slamming the car door on her leg, defendants Omar Lee and Amber Staub Koeing, [began] to use reasonable [sic] and unnecessary physical force to remove plaintiff from the vehicle . . . ."

Thereafter, Plaintiff continues, "three other Louisville Metro Police Officers arrived on the scene and also [began] to use unreasonable and unnecessary use of force upon the plaintiff." According to Plaintiff, Defendant Lee "slammed" Plaintiff against the vehicle despite knowing she was six months pregnant. Plaintiff states that "Defendant John Doe#1 and defendant John Doe#2 then took plaintiff's arm and forced her arms behind her back, defendant John Doe#3 placed his hand on top of plaintiff's head in support of defendant's Lee's hand which was on

plaintiff's neck . . . ." Plaintiff contends that "all of the defendants were using their weight to press plaintiff up against [the vehicle] despite plaintiff complaining that the defendants actions were causing her stomach to hurt."

Plaintiff alleges that her Fourth and Fourteenth Amendment rights were violated by Defendants when they used "unreasonable and unnecessary . . . physical force upon the plaintiff because plaintiff complained about the defendants 'slamming the passenger side car door on plaintiff's leg.'" Plaintiff alleges that Defendants violated her Fourth Amendment rights when they "unlawfully, seized, detained and arrested plaintiff because plaintiff refused to answer any further questions of the defendants." Plaintiff alleges that "defendants violated plaintiff's Fourth and Fourteenth Amendment rights when the defendants' created the arrest situation and circumstances by slamming the passenger side car door on plaintiff's leg and causing plaintiff to complain about the assault on plaintiff." Lastly, Plaintiff alleges that "defendants violated her 5th, 8th and Fourteenth Amendment rights when the defendants 'deliberately slammed the car door on plaintiff's leg when plaintiff refused to answer any further questions of the defendants . . . .'"[2]

---

[2]In her original complaint, Plaintiff alleges a claim under Title VII of the Civil Rights Act of 1964. She fails to include this claim in her amended complaint. Even if such a claim were included, it would fail. A claim under Title VII makes it unlawful to discriminate in respect to employment. 42 U.S.C. § 2000e *et seq*.; *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009) (stating that "our decision must be consistent with the important purpose of Title VII-that the workplace be an environment free of discrimination . . . "). Plaintiff's allegations do not involve discrimination in employment. For these reasons, the Court will only address Plaintiff's alleged constitutional violations.

## II.  <u>STANDARD OF REVIEW</u>

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>LEGAL ANALYSIS</u>

Plaintiff is suing municipal officers alleging constitutional violations. The Sixth Circuit has held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499-504 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Thus, the Court construes this action as being brought under 42 U.S.C. § 1983.

In her complaint, Plaintiff alleges violations of her Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff complains about alleged wrongful actions that occurred during a traffic stop and arrest. A pretrial detainee is protected from the use of excessive force by the Fifth Amendment's Due Process Clause. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *see also Henderson v. Reyda*, 192 F. App'x 392, 396 (6th Cir. 2006) (finding that the district court correctly dismissed plaintiff's Fifth Amendment excessive force claim arising out of the seizure of her person during an investigation of potential criminal acts and that the claim should be analyzed under the Fourth Amendment). The Eighth Amendment protects prisoners from cruel and unusual punishment after conviction. *Graham v. Connor*, 490 U.S. at 395 n.10. The Fourteenth Amendment's Due Process Clause protects state pretrial detainees from cruel and unusual punishment. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006).

A claim of excessive force in the course of making an arrest, investigatory stop or other seizure of one's person invokes the protection of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the

person.  *Graham v. Connor*, 490 U.S. at 395 (quoting U.S. CONST. amend. IV); *see also Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) (stating that a claim of  "excessive force in the course of making an arrest . . . [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard") (citation omitted).  Since Plaintiff alleges excessive force in the course of an investigatory stop and subsequent arrest, the Fourth Amendment applies to this action.  Accordingly, the Fourth Amendment claim shall proceed against Defendants in their individual capacities and the Fifth, Eighth and Fourteenth Amendment claims will be dismissed.

In allowing the Fourth Amendment claim to proceed against John Does #1-3, the Court advises that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Because the Court is required to screen Plaintiff's *in forma pauperis* complaint prior to service, the Court will count the 120 days from the date of this Memorandum Opinion and Order.  Accordingly, Plaintiff has 120 days from the date of this Memorandum Opinion and Order within which to move to amend her complaint to name specific Defendants or show good cause for her failure to do so.  Plaintiff is put on notice that her failure to meet the requirements of the relevant federal rules could result in dismissal of the claims against the John Doe Defendants.

## ORDER

**IT IS ORDERED** that the Fifth, Eighth and Fourteenth Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the Fourth Amendment claim shall proceed against **Defendants in their individual capacities**.  In permitting this claim to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

**IT IS ORDERED** that **Plaintiff has 120 days from the date of this Memorandum Opinion and Order within which to move to amend her complaint to name specific Defendants in place of John Does #1-3 or show good cause for her failure to do so**.

**IT IS FURTHER ORDERED** as follows:

(1)     The **Clerk of Court shall issue summons and the United States Marshal shall serve** a copy of the complaint (DN 1), amended complaint (DN 5), this Memorandum and Order, and summons on Defendants Lee and Koeing in accordance with Rule 4 of the Federal Rules of Civil Procedure.  **A copy of the complaint (DN 1), amended complaint (DN 5) and this Memorandum and Order shall also be served on the Jefferson County Attorney**.

(2)     The answer to the complaint shall be filed no later than **21 days** after service of summons.

(3)     The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties.  Any paper

received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(4)     Plaintiff must provide written notice of a change of address to the Clerk and to Defendants' counsel. *See* LR 5.2(d).

(5)     Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent order of the Court **may result in a dismissal of this case**.

Date: April 21, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants Lee and Koeing
        Jefferson County Attorney
4414.003