UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CORETTA THOMAS**                                                            **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 3:14CV-24-JHM**

**OMAR LEE** *et al.*                                                **DEFENDANTS**

**MEMORANDUM OPINION**

On January 9, 2014, Plaintiff Coretta Thomas filed a *pro se* complaint alleging violations of the Civil Rights Act of 1964 and various constitutional violations arising out of the investigatory traffic stop and arrest of Plaintiff. After performing initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court allowed the Fourth Amendment claims against Defendants in their individual capacities to proceed.

Thereafter, Defendants filed a motion to stay this action pending the resolution of the criminal case against Plaintiff. On July 8, 2014, the Court entered an Order granting the motion and staying this action (DN 13). In the Order, the Court directed Plaintiff to notify the Court in writing within 30 days of the final disposition of the state criminal action against her. At that time, the state criminal case was scheduled for trial on December 3, 2014. On March 16, 2015, Plaintiff wrote a letter to the Court stating that her criminal trial had been rescheduled and would begin the next day, March 17, 2015 (DN 22). After allowing over 30 days to pass, and not having heard from Plaintiff regarding the status of her criminal case, the Court entered an Order on April 24, 2015, directing Plaintiff to inform the Court within 21 days of entry of the Order of the status of the state criminal charges against her (DN 23). In this Order, the Court warned

Plaintiff that failure to comply with the Order would result in dismissal of this action. Over 21 days have passed since the entry of the Order, and Plaintiff has not responded to the Order or taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with a straightforward Order of this Court (DN 23) or take any action in response to the Court's Order, the Court concludes that she has

abandoned any interest in prosecuting this action.  Therefore, the Court will dismiss the action by separate Order.

Date:   June 16, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Counsel for Defendants
4414.003